[No. 4776.]

## THE CITY OF SANTA BARBARA v. CHARLES E. HUSE AND GASPAR ORENA.

LIEN FOR STREET IMPROVEMENTS.—If an ordinance of a city provides that the city shall have a lien on lots for improvements made by the city on the street, which lien may be enforced by a suit against the owner; to authorize a judgment in favor of the city, enforcing the lien, it is necessary to allege that the defendant owns the lot, and if it is denied, prove it.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

The plaintiff averred that the Board of Trustees of the city passed an ordinance providing that persons should construct sidewalks in front of their lots within sixty days, and if they failed to do so the city should construct them, and the cost thereof should be charged to and paid by the owners of the lots, and that the same should be a lien upon the lots; that the defendants owned a part of block 268, fronting on State street, and failed to construct a sidewalk, and the city then constructed it at a cost of three hundred and seventy-seven dollars and thirty cents. Orena's attorney consented that a judgment be entered enforcing the lien. The defendant Huse appealed.

The other facts are stated in the opinion.

*Chas E. Huse,* in person, for Appellant, argued that the city had no power to pass an ordinance creating a lien on a lot without a statute authorizing it.

*W. C. Stratton,* for the Respondent, argued that as Huse denied ownership he was not injured by the judgment, and could not complain.

By the Court, CROCKETT, J.:

If it be assumed that the authorities of Santa Barbara had competent authority, by ordinance, to create a lien on real property for street improvements (a point not necessary to be decided), there is no provision in the ordinance authorizing a suit *in rem* against the real estate alone. On the contrary, the ordinance clearly contemplates that the action must be against the owner to enforce the lien. The defendant Huse was sued as one of the owners, and his answer was a general denial. At the trial he admitted all the allegations of the complaint, " except the allegation as to the ownership or title to the said land described in the complaint." On this admission, and without any proof of ownership as to Huse, a judgment was entered enforcing the lien against the land, the plaintiff waiving a personal judgment against the defendants, and Huse appeals.

It is clear that the judgment cannot be supported. To authorize a judgment for the plaintiff, assuming the ordinance to be valid, it was necessary to allege the ownership, and to prove it if denied. It was denied, and not proved.

Judgment reversed and cause remanded. Remittitur forthwith.